IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JONES,

        Plaintiff,                      No. CIV S-10-2661 EFB

    vs.

BALLESTEROS, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff purports to bring claims that defendants Ballesteros, Chopplin, and Lee were deliberately indifferent to his medical needs in violation of the Eighth Amendment. However, plaintiff has not alleged sufficient factual matter to state a plausible claim that any defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment.

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United*

2

1 *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official
2 must both be aware of facts from which the inference could be drawn that a substantial risk of
3 serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837
4 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious
5 harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  "[I]t
6 is enough that the official acted or failed to act despite his knowledge of a substantial risk of
7 serious harm." *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to
8 violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314
9 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some
10 treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*
11 Moreover, it is well established that mere differences of opinion concerning the appropriate
12 treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d
13 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

14 Plaintiff alleges that Ballesteros forced him to wear flip flops despite a condition that
15 requires plaintiff to wear tennis shoes.  Plaintiff claims he fell and injured himself as a result.
16 Under the above standards, these facts are insufficient to state a claim that Ballesteros was
17 deliberately indifferent to plaintiff's serious medical needs.  The minimal facts alleged do not
18 identify a serious medical need nor do they suggest that plaintiff faced a substantial risk of harm
19 by wearing flip flops.  Plaintiff claims that after he fell he was berated with threats and
20 obscenities, placed in leg irons causing his feet to turn purple, and threatened with mace spray.
21 Plaintiff claims he was in pain after the fall, but alleges no facts to suggest that any defendant
22 was subjectively aware of plaintiff's pain or possible injury after the fall.  Plaintiff also fails to
23 allege facts regarding why threats were made or the leg irons were applied, i.e., to cause plaintiff
24 harm or to serve some penological purpose.  Nor does plaintiff allege that any defendant was
25 aware that the leg irons turned his feet purple.  Plaintiff alleges Ballesteros told defendant Nurse
26 Chopplin that plaintiff was faking an injury, which caused Chopplin to be hostile and to not

assess plaintiff's injury. However, plaintiff also alleges that Chopplin eventually took him to see a doctor, but claims she moved him too fast, which hurt him, and that she was also slow to page a doctor. Plaintiff alleges that he was not faking, and that he was truly injured, but again, he does not allege any facts suggesting any defendant knew or should have known about his pain or injuries. Plaintiff claims Chopplin informed defendant Lee, a doctor, that plaintiff was faking, and that he was then subjected to an unnecessary rectal exam, and provided with an ice pack and ibuprofen. Plaintiff claims he should have received an MRI. Plaintiff's allegations suggest that not too long after his fall, he was treated with ice and ibuprofen. While plaintiff alleges he should have also received an MRI and that the rectal exam was unnecessary, he is reminded that differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation, and that he must allege facts showing that a defendant was aware of a substantial risk of harm to plaintiff, but disregarded that risk by failing to take reasonable measures to abate it. Plaintiff was given leave to amend to state such a claim but has not done so in his amended complaint. To proceed plaintiff must file another amended complaint.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

////

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

5

these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that the amended complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: September 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE