IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JONES,

    Plaintiff,                          No. 10-cv-2661 EFB P[1]

    vs.

BALLESTEROS, et al.,

    Defendants.                   ORDER AND
                                          FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner proceeding *in forma pauperis* and without counsel in a civil rights action pursuant to 42 U.S.C. § 1983. He moves to compel defendants to respond to three of his requests for production of documents and to provide him with an address for service of process on defendant Lee. For the reasons discussed below, plaintiff motion to compel will be denied, and defendant Lee should be dismissed from this action, without prejudice.

       Plaintiff moves to compel defendants' responses to his second set of requests for production of documents, numbers 9, 10, and 11, which seek plaintiff's medical chronos and medical records from 2005 to the present. In their responses to those requests, defendants stated

---

[1] Defendant Chopplin failed to respond to the court's February 8, 2012 order to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

that "the only responsive documents in [their] possession, custody, and control are located in Plaintiff's Unit Health Record which is available to Plaintiff for inspection and copying in accordance with the institution's policies and procedures." Dckt. No. 31 at 3-4.

If a party, in response to a request for production under Rule 34, fails to produce or permit inspection, the discovering party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3). Here, plaintiff fails to show that defendants' responses – which state that they will allow plaintiff to inspect the requested documents – are inadequate. To the extent that plaintiff has not yet accessed his Unit Health Record, he must properly request such access through the procedures available at his place of confinement.

Plaintiff also requests an address for service of process on defendant Lee. Plaintiff's initial attempt to serve defendant Lee failed because the United States Marshal could not locate Lee at the address provided by plaintiff on February 1, 2012. Dckt. No. 24. Accordingly, on May 18, 2012, the court ordered plaintiff to provide new information about where Lee could be served with process. Dckt. No. 25. The court warned plaintiff that Rule 4(m) requires that an action be dismissed as to a defendant not served within 120 days after filing the complaint unless the time is enlarged based upon a demonstration of good cause. *Id.* Here, plaintiff fails to demonstrate that he ever properly served a discovery request seeking Lee's address for service, or on what grounds defendants objected to such request, if any. Without such information, the court cannot compel defendants to provide him with the requested information. Additionally, plaintiff fails to show that he has attempted to obtain Lee's address through any other means. The time for acting has passed and plaintiff has not provided new instructions for service on defendant Lee, nor has he shown good cause for such failure. *See* Fed. R. Civ. P. 4(m). Accordingly, defendant Lee should be dismissed.

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Dckt. No. 31) is denied.

2. The Clerk is directed to randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that defendant Lee be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 24, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3