IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JONES,

      Plaintiff,                    No. 2:10-cv-2661 KJM EFB P

      vs.

BALLESTEROS, et al.,

      Defendants.            <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion to compel "CDCR" to allow him access to his medical records, and requests an extension of time to oppose defendants' motion for summary judgment. Dckt. No. 45. For the reasons stated below, plaintiff's motion is denied, but plaintiff is granted a final 21-day extension of time to respond to defendants' motion in accordance with Rule 56 of the Federal Rules of Civil Procedure.

      Pursuant to the court's May 21, 2012 discovery and scheduling order, discovery closed on September 7, 2012. Dckt. No. 26. On August 29, 2012, plaintiff filed a motion to compel. Dckt. No. 31. His motion included defendants' August 6, 2012 discovery responses, which informed plaintiff that he could inspect and copy documents located in his Unit Health Record, in accordance with his institution's policies and procedures. *See id.* On October 24, 2012, the

1

1  undersigned denied plaintiff's motion to compel, and informed plaintiff that if he had not already
2  accessed his Unit Health Record, he must properly request such access through the procedures
3  available at his place of confinement.  Dckt. No. 35 at 2.  Plaintiff subsequently sought
4  reconsideration of that order from the district judge, who denied the request.  Dckt. Nos. 39, 42.

5       On November 30, 2012, defendants moved for summary judgment.  Dckt. No. 38.  On
6  January 4, 2013, the court granted plaintiff's first request for an extension of time to oppose
7  defendants' motion.  Dckt. No. 41.  On February 7, 2013, the court granted plaintiff's second
8  request for an extension of time to oppose defendants' motion.  Dckt. No. 44.  In doing so, the
9  court informed plaintiff it was "not inclined to grant additional requests for extensions of time,"
10 because plaintiff offered no explanation as to why he needed additional time to oppose the
11 motion, or what efforts he had made, if any, toward preparing an opposition.  Dckt. No. 44.

12      In the instant request, plaintiff states that he requested access to his medical records, but
13 it "is still missing important documents vital to his opposition," and requests that "the documents
14 requested be provided to him."  Dckt. No. 45.  Again, plaintiff fails to demonstrate what efforts
15 he has made toward preparing an opposition, including whether he timely requested permission
16 to inspect and copy documents located in his Unit Health Record, and whether he did so in
17 accordance with his institution's policies and procedures.  Moreover, plaintiff does not identify
18 which of the requested documents was not provided to him or even attempt to explain how such
19 documents are "vital" to his opposition.  Plaintiff has neither demonstrated good cause for a third
20 extension of time, nor grounds for a court order directing prison officials to provide him with
21 access to his Unit Health Record.  *See* Fed. R. Civ. P. 6(b).  According, plaintiff's motion must
22 be denied.

23      Plaintiff's response to the pending summary judgment motion is long overdue.  In cases
24 in which one party is incarcerated and proceeding without counsel, motions ordinarily are
25 submitted on the record without oral argument.  E.D. Cal. Local Rule 230(l).  "Opposition, if
26 ////

any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21), days after the date of service of the motion. " *Id*.

A responding party's failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*. Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel and request for an extension of time (Dckt. No. 45) is denied; and

2. Within 21 days of the date of this order, plaintiff shall file and serve a response to the motion for summary judgment or show cause why this action should not be dismissed for failure to prosecute and failure to comply with court's scheduling orders and the Local Rules. Failure to comply with this order may result in a recommendation that this action be dismissed without prejudice.

DATED: March 20, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3