1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JEREMY JONES,

11              Plaintiff,              No. 2:10-cv-2661-KJM-EFB P

12         vs.

13    BALLESTEROS, et al.,              ORDER AND
                                        FINDINGS AND RECOMMENDATIONS
14              Defendants.
      _____/

15

16         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17    U.S.C. § 1983.  Currently pending before the court is defendant Choplin's November 30, 2012

18    motion for summary judgment.  ECF No. 38.  For the reasons that follow, the undersigned

19    recommends that the motion be denied.

20    **I.        The Complaint**

21         This action proceeds on the verified second amended complaint filed October 17, 2011.

22    ECF No. 10.  Plaintiff alleges that he suffers from chronic lower back pain due to "severe disc

23    protrusion L5-S1."  ECF No. 10 at 5.  Due to this disability, medical staff had provided plaintiff

24    with "medical chronos" recommending assistive devices and limitations on plaintiff's movement

25    and housing.  *Id.*

26    /////

1    One such chrono, issued on July 8, 2008, recommended that plaintiff be allowed to wear

2    tennis shoes.  *Id.* at 6.  Plaintiff showed his medical chronos to defendant Ballesteros (a

3    correctional officer), and defendant Ballesteros was aware that plaintiff's medical condition

4    prevented him from wearing state-issued "flip flops."  *Id.* at 6-7.  Nevertheless, on August 8,

5    2008, defendant Ballesteros demanded that plaintiff wear "jap flaps" to the shower area.  *Id.* at 7.

6    Plaintiff fell in a puddle of soapy water.  *Id.* at 8.  "As a direct result of this incident, plaintiff

7    reinjured his back."  *Id.*

8    The correctional officer escorting plaintiff asked plaintiff not to move and called a

9    medical code.  *Id.*  Defendant Ballesteros walked up and said that plaintiff was faking an injury.

10   *Id.*  He ordered other officers to place leg irons on plaintiff "so tight that plaintiff's feet were

11   swollen when they removed them."  *Id.*  Defendant Choplin (a registered nurse) arrived, and

12   defendant Ballesteros told her that plaintiff was faking his injury.  *Id.* at 9.  Defendant Choplin

13   became frustrated with plaintiff.  *Id.*

14   Plaintiff told defendant Choplin he could not walk and needed to be transported on a

15   stretcher.  *Id.*  She forced him onto the stretcher and did not listen when plaintiff asked her to

16   slow down because she was hurting him.  *Id.*  At the clinic, defendant Choplin told other medical

17   staff that plaintiff was faking his injury.  *Id.*  This caused defendant Lee (a physician) to refuse to

18   conduct a proper medical exam on plaintiff's lower back.  *Id.* at 10.  "Plaintiff was only provided

19   with ibuprofen for the pain which was a joke considering plaintiff's prior documented back

20   problems and constant pain history."  *Id.* at 11.  Defendants Choplin and Lee ignored plaintiff's

21   swollen legs even though plaintiff tried to show them.  *Id.*

22   Plaintiff suffered pain in the subsequent days, and an x-ray taken on August 11, 2008

23   revealed "damage to plaintiff's lower back area."  *Id.*  An MRI reviewed on September 22, 2008

24   revealed "significant disk collapse with posterior disk bulge at L5/S1."  *Id.*

25   /////

26   /////

2

**II.      Procedural History**

The court concluded that plaintiff had stated cognizable Eighth Amendment claims against defendants Ballesteros, Choplin, and Lee on January 4, 2012.  ECF No. 11.  However, defendant Lee was dismissed on January 18, 2013 due to failure to timely serve.  ECF No. 42. Accordingly, only plaintiff's Eighth Amendment claims against defendants Ballesteros and Choplin remain in the action.  Defendant Ballesteros is not a party to the instant motion for summary judgment.

The court previously recommended that this case be dismissed without prejudice for plaintiff's failure to file an opposition to the motion.  ECF No. 49.  Plaintiff having filed his opposition, that recommendation is hereby vacated.

Plaintiff has filed a surreply to defendant's reply brief.  ECF No. 59.  Defendant moves to strike the surreply as unauthorized.  ECF No. 60.  A surreply is not contemplated by the Federal Rules of Civil Procedure nor this court's Local Rules.  Accordingly, the motion to strike is granted.  The undersigned has not considered the surreply in preparing these findings and recommendations.

**III.     Summary Judgment Standards**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

/////

1   The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

2 or defenses.  *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

3 "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

4 trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

5 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally,

6 under summary judgment practice, the moving party bears the initial responsibility of presenting

7 the basis for its motion and identifying those portions of the record, together with affidavits, if

8 any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477

9 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving

10 party meets its burden with a properly supported motion, the burden then shifts to the opposing

11 party to present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);

12 *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

13   A clear focus on where the burden of proof lies as to the factual issue in question is

14 crucial to summary judgment procedures.  Depending on which party bears that burden, the party

15 seeking summary judgment does not necessarily need to submit any evidence of its own.  When

16 the opposing party would have the burden of proof on a dispositive issue at trial, the moving

17 party need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v. National*

18 *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

19 which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

20 24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive

21 issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,

22 depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

23 should be entered, after adequate time for discovery and upon motion, against a party who fails

24 to make a showing sufficient to establish the existence of an element essential to that party's

25 case, and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a

26 /////

1   circumstance, summary judgment must be granted, "so long as whatever is before the district

2   court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

3       To defeat summary judgment the opposing party must establish a genuine dispute as to a

4   material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s)

5   that is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S.

6   at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing

7   law will properly preclude the entry of summary judgment.").  Whether a factual dispute is

8   material is determined by the substantive law applicable for the claim in question.  *Id.*  If the

9   opposing party is unable to produce evidence sufficient to establish a required element of its

10   claim that party fails in opposing summary judgment.  "[A] complete failure of proof concerning

11   an essential element of the nonmoving party's case necessarily renders all other facts

12   immaterial."  *Celotex*, 477 U.S. at 322.

13       Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

14   the court must again focus on which party bears the burden of proof on the factual issue in

15   question.  Where the party opposing summary judgment would bear the burden of proof at trial

16   on the factual issue in dispute, that party must produce evidence sufficient to support its factual

17   claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

18   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Rather, the opposing party must, by affidavit

19   or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

20   for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

21   demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

22   that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,

23   477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

24       The court does not determine witness credibility.  It believes the opposing party's

25   evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

26   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

1  proponent must adduce evidence of a factual predicate from which to draw inferences. *American*

2  *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,

3  dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts

4  at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441

5  (9th Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational

6  trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*,

7  475 U.S. at 587 (citation omitted); *Celotex.*, 477 U.S. at 323 (If the evidence presented and any

8  reasonable inferences that might be drawn from it could not support a judgment in favor of the

9  opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any

10  genuine dispute over an issue that is determinative of the outcome of the case.

11      Defendants' motion for summary judgment included a notice to plaintiff informing him

12  of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil

13  Procedure.  ECF No. 38-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*,

14  154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v.*

15  *Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

16  **IV.   Analysis**

17      As noted in the court's screening order, plaintiff has stated a cognizable Eighth

18  Amendment claim against defendant Choplin.  The Eighth Amendment protects prisoners from

19  inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v.*

20  *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out

21  a conditions of confinement claim, and only those deprivations denying the minimal civilized

22  measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

23  violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

24      To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

25  plaintiff must establish that he had a serious medical need and that the defendant's response to

26  that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

1  *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

2  treat plaintiff's condition could result in further significant injury or the unnecessary and wanton

3  infliction of pain.  *Jett*, 439 F.3d at 1096.  An officer has been deliberately indifferent if he was

4  (a) subjectively aware of the serious medical need and (b) failed to adequately respond.  *Farmer*

5  *v. Brennan*, 511 U.S. 825, 828 (1994).

6  　　　Neither a defendant's negligence nor a plaintiff's general disagreement with the

7  treatment he received suffices to establish deliberate indifference.  *Estelle*, 429 U.S. at 106;

8  *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d

9  390, 394 (9th Cir. 1988).  Evidence that medical caregivers disagreed as to the need to pursue

10  one course of treatment over another is also insufficient, by itself, to establish deliberate

11  indifference.  *Jackson*, 90 F.3d at 332.  When a prisoner alleges a delay in medical treatment, he

12  must show the delay caused an injury.  *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.

13  1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.

14  1997) (en banc); *see also Wood v. Housewright*, 900 F.2d 1332, 1334-35 (9th Cir. 1990) (several

15  day delay in treatment did not violate Eighth Amendment where there was no emergency and

16  given plaintiff's condition, i.e., a severe shoulder injury, the only remedy immediately available

17  was painkillers).

18  　　　Finally, "a prison official can violate a prisoner's Eighth Amendment rights by failing to

19  intervene" to prevent a violation imposed by someone else.  *Robins v. Meecham*, 60 F.3d 1436,

20  1442 (9th Cir. 1995).  A defendant-officer may be held liable for failing to intervene when he

21  had enough time to observe what was happening and to intervene and prevent or curtail the

22  violation, but failed to do so.  *See Lanier v. City of Fresno*, 2010 U.S. Dist. LEXIS 130459, 2010

23  WL 5113799, at *6 (E.D. Cal. Dec. 8, 2010) (citations omitted).

24  　　　Defendant Choplin first argues that the undisputed facts show that she was not

25  deliberately indifferent to plaintiff's medical needs because she ensured that correctional staff

26  treated plaintiff properly in placing him on the stretcher and transporting plaintiff and ensured

7

that plaintiff was examined by a doctor.  Plaintiff disputes the majority of defendant Choplin's

proffered facts surrounding his placement on the stretcher, transport to the medical clinic, and

treatment once there, however.

Defendant Choplin contends that she herself did not roll plaintiff onto the stretcher, but

rather that she supervised correctional staff as they did so.  ECF No. 38-4, Decl. of M. Choplin

ISO Def.'s Mot. For Summ. J. (hereinafter "Choplin Decl.") ¶ 8.  Correctional staff "log rolled"

plaintiff onto the stretcher per prison policy and procedure for responding to an inmate who is

lying down and complaining of a back injury. *Id.* ¶¶ 7-8.  Plaintiff does not dispute this fact, but

avers that defendant Choplin delayed his treatment by standing over him discussing whether or

not he should be treated at all for "an extended period of time."  ECF No. 54 at 5 (Pl.'s Decl.).

Defendant Choplin declares that "[d]uring the entire time, correctional staff used due care

and did not cause Jones any harm – I never observed any correctional staff member engage in

any inappropriate or forceful conduct toward Jones nor did I hear Jones complain about suffering

additional injury from the way correctional staff 'log rolled' and carried him on a stretcher."

ECF No. 38-4 (Choplin Decl.) ¶ 9.  "Because correctional staff used due care in 'log rolling'

inmate Jones onto a stretcher and carrying him on the stretcher, and because I did not observe

any injury to Jones beside a subjective complaint of back pain, I did not believe Jones faced any

risk of substantial harm from being 'log rolled' and carried on the stretcher." *Id.* ¶ 10.

Plaintiff, on the other hand, declares that he cried out in pain and said "slow down" while

being rolled onto the stretcher, but defendant Choplin "gave no instructions to be easy or

careful" to staff as they placed plaintiff in the transport vehicle.  ECF No. 54 at 5 (Pl.'s Decl.).

Staff dropped plaintiff into the vehicle "like a sack of potatoes causing me more extreme pain

and more possible damage to my lower spine." *Id.*

Defendant Choplin avers that she did not transport plaintiff to the clinic, but plaintiff

disputes this fact as well. *Compare* ECF No. 38-4 (Choplin Decl.) ¶ 11 *with* ECF No. 54 at 5

(Pl.'s Decl.).  In defendant Choplin's version of events, her interaction with plaintiff on August

8, 2008 ended when other staff escorted plaintiff to the clinic.  According to plaintiff, however, defendant Choplin drove him to the clinic "with reckless abandon and no regards to my injuries." ECF No. 54 at 5 (Pl.s' Decl.).

Plaintiff declares that, once at the clinic, defendant Choplin told anyone who would listen that plaintiff was faking his injury.  *Id.*  He waited at the clinic for 30 minutes until Nurse Soto noticed how swollen his legs and feet were and removed the leg irons.  *Id.*  Defendant Choplin declares that plaintiff never complained to her that his legs and feet were swollen, but that, if he had, she would have examined and documented his injuries and immediately notified a doctor. ECF No. 38-4 (Choplin Decl.) at ¶¶ 12-13.  In his verified complaint, however, plaintiff alleges that he tried to show defendant Choplin his swollen legs and feet but she "did not want to hear it."  ECF No. 10 at 11.

Plaintiff's declaration raises a triable issue of material fact regarding whether defendant Choplin did not reasonably respond to plaintiff's injuries when she allegedly failed to intervene to ensure that correctional staff handled plaintiff with care after his fall and allegedly ignored his swollen legs and feet.

Defendant Choplin next argues that the undisputed facts show that she was not subjectively aware of any serious medical need when she responded to plaintiff on August 8, 2008.  According to defendant Choplin, she did not believe plaintiff faced "any risk of substantial harm" in being log rolled onto the stretcher, because staff used due care and she did not see any injury to plaintiff other than his complaint of back pain.  ECF No. 38-4 (Choplin Decl.) ¶ 10.  Plaintiff declares that he called out in pain and asked staff to slow down but that defendant Choplin did nothing, however.  ECF No. 54 at 5 (Pl.'s Decl.).  Plaintiff further attests that he tried to show defendant Choplin his swollen legs and feet but she ignored him.  ECF No. 10 at 11.  Thus, there is a triable issue of material fact as to whether defendant Choplin was aware that: (1) the manner in which staff placed plaintiff on the stretcher was exposing plaintiff /////

to unnecessary pain and (2) the leg irons were causing plaintiff's legs and feet to swell and become purple.

Defendant Choplin next argues that the undisputed facts show that plaintiff did not suffer any injury as a result of being log rolled onto the stretcher or any of her other alleged conduct. Defendant Choplin has submitted a declaration from B. Barnett, M.D., the Chief Medical Officer for the Receiver's Office of Legal Affairs at California Correctional Health Care Services. ECF No. 38-4, Decl. of B. Barnett ISO Def.'s Mot. for Summ. J. (hereinafter "Barnett Decl.") ¶ 1. Having reviewed plaintiff's medical records, Dr. Barnett opines that

> [I]nmate Jones did not suffer any injury from being placed and carried on a stretcher on August 8, 2008. It is also my professional opinion that the prescription of ibuprofen and application of an ice pack was appropriate to treat Jones's complaint of back pain on August 8, 2008. It is my professional opinion that Jones did not suffer any injury related to swollen legs or purple feet between August 8 and 15, 2008.

*Id.* ¶ 5. Plaintiff accuses Dr. Barnett of bias, alleging that Dr. Barnett presented cherry-picked documents from plaintiff's medical record that support defendant Choplin's position while ignoring others. ECF No. 54 at 11. Plaintiff argues that he *was* injured by the fall in the shower. *Id.* at 11-16. However, Dr. Barnett offered no opinion regarding the impact of the fall in the shower, but merely the impact of plaintiff being rolled onto and carried on the stretcher and having swollen legs and purple feet. The undersigned has reviewed the medical records submitted by both parties, and finds no indication that the records presented by Dr. Barnett are somehow skewed or unfair.

Nevertheless, Dr. Barnett's declaration does not address the pain plaintiff alleges he suffered while being moved from the shower floor to the clinic. While plaintiff may not have suffered lasting injury from that conduct, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, and plaintiff has submitted evidence that he experienced pain during this interaction that could have been alleviated by gentler handling. Dr. Barnett's opinion with regard to plaintiff's swollen legs and feet is based entirely on his review

1   of plaintiff's medical records.  *Id.* ¶ 7.  Plaintiff attests, however, that he tried to show some of

2   his medical providers (defendant Choplin and Dr. Lee) his swollen appendages but they would

3   not attend to them.  ECF No. 10 at 11.  Thus, their records would not include a notation of those

4   injuries.  Thus, there is a triable issue regarding whether defendant Choplin's conduct caused

5   plaintiff harm.

6         Lastly, defendant Choplin argues that she should be granted qualified immunity.

7   Qualified immunity protects government officials from liability for civil damages where a

8   reasonable person would not have known their conduct violated a clearly established right.

9   *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987).  In determining whether the doctrine of

10  qualified immunity provides a government officer protection, a court must make two inquires:

11  (1) do the facts alleged show that the officer violated a constitutional right; and (2) was the

12  constitutional right well established.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v.*

13  *Callahan*, 555 U.S. 223 (2009) (courts have discretion to decide which of the two Saucier prongs

14  to address first).  A plaintiff invokes a "clearly established" right when "the contours of the right

15  [are] sufficiently clear that a reasonable official would understand that what he is doing violates

16  that right."  *Anderson*, 483 U.S. at 640.  Qualified immunity is an affirmative defense and the

17  burden of proving the defense lies with the official asserting it.  *Houghton v. South*, 965 F.2d

18  1532, 1536 (9th Cir.1992).

19        Defendant Choplin argues that the undisputed facts show that a reasonable person in her

20  position would have believed her conduct was lawful, because she followed prison procedure in

21  ordering the "log roll" onto the stretcher, was not aware of any harm to plaintiff because staff

22  used due care in placing plaintiff on the stretcher, and did all she could for plaintiff by ensuring

23  he was seen by a doctor.  Taking the facts in the light most favorable to plaintiff (*Saucier*, 533

24  U.S. at 202), defendant Choplin violated plaintiff's constitutional rights by ignoring his cries of

25  pain and swollen legs and feet.  Plaintiff's evidence is that defendant Choplin stood by and did

26  nothing as staff roughly rolled him onto the stretcher while plaintiff cried out in pain asking them

to slow down and then ignored him when he tried to show her that the leg irons were causing his legs to swell and feet to turn purple.  Plaintiff's right to a reasonable response to his serious medical needs was well-established at the time (*Farmer*, 511 U.S. at 828 (1994)), and, taking the facts as plaintiff presents them, a reasonable officer would not have believed her conduct to be lawful.

**V.    Order and Recommendation**

Accordingly, it hereby is ORDERED that:

1.  The court's May 20, 2013 findings and recommendations (ECF No. 49) are VACATED; and

2.  Plaintiff's August 12, 2013 surreply (ECF No. 59) is stricken.

It is further RECOMMENDED that defendant Choplin's November 30, 2012 motion for summary judgment (ECF No. 38) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 27, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE