UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BALLESTEROS et al.<br><br>　　　　　Defendants. | No. 2:10-cv-02661-KJM-EFB<br><br><br>FURTHER PRETRIAL ORDER |

On March 3, 2016, the court conducted a status conference. Peter Soskin appeared for plaintiff Jeremy Jones, who is a state prisoner. David Carrasco appeared for the defendants, Ballesteros and Chopplin.

Jones previously proceeded without counsel in this case; counsel was appointed on February 2, 2016. ECF No. 98. Before counsel was appointed, United States Magistrate Judge Edmund F. Brennan oversaw pretrial proceedings and issued a pretrial order. ECF No. 92. That order stands, as discussed with counsel at the March 3, 2016 status conference. This order serves only to clarify the undersigned's practices and orders at trial and make a limited number of adjustments in light of the appointment of counsel. For the sake of clarity, the following sections of Judge Brennan's pretrial order remain in place: Jurisdiction; Undisputed Facts; Disputed Factual Issues; Disputed Evidentiary Issues; Relief Sought; Points of Law; Abandoned Issues; Witnesses; Exhibits, Schedules, and Summaries; Discovery Documents; Further Discovery of

1

Motions; Stipulations; Amendments/Dismissals; Settlement Negotiations; Agreed Statements; Separate Trial of Issues; Impartial Experts/Limitation of Experts; Attorneys' Fees; Trial Exhibits; and Trial Protective Order.  The court now orders as follows:

TRIAL

Trial is set for **September 12, 2016**, at 9:00 a.m. in Courtroom 3 and is expected to last three days.  The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

The defendants have demanded a jury trial.  ECF No. 21.  The matter will proceed as a jury trial.  Pursuant to the parties' stipulation, the jury will consist of eight jurors.

POINTS OF LAW

The parties may file trial briefs addressing any disputed points of law no later than seven days prior to the date of trial.

WITNESSES

As noted above, the provisions of the previous pretrial order on witnesses remain in effect.  That order is supplemented as follows:

At the March 3, 2016 status conference, the parties informed court the plaintiff and two witnesses expected to testify at trial are incarcerated.  Plaintiff shall file any necessary applications for writs of *habeas corpus ad testificandum* no later than **August 12, 2016**.

Each party may call any witnesses designated by the other.

A. The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of

the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

EXHIBITS, SCHEDULES AND SUMMARIES

As noted above, the provisions of the previous pretrial order on exhibits remain in effect. That order is supplemented as follows:

At trial, plaintiff's exhibits shall be listed numerically, and defendant's exhibits shall be listed alphabetically, first A, B, C, etc., then AA, AB, AC, etc., and so on.

The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, *e.g.*, JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial. Any objections to exhibits are due no later than fourteen days before trial.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

3

         2.      The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

  B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

         1.      The exhibits could not reasonably have been discovered earlier;

         2.      The court and the opposing parties were promptly informed of their existence;

         3.      The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

## DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

## MOTIONS *IN LIMINE*

Any motions *in limine* shall be filed no later than **August 26, 2016**. Oppositions or statements of non-opposition shall be filed no later than **September 2, 2016**. Replies, if any, will be heard orally before trial begins on **September 12, 2016**.

## JOINT STATEMENT OF THE CASE

No later than seven days before the first day of trial, the parties shall file a proposed joint statement of the case to be read to the jury on the first day of trial.

## PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions fourteen

days before trial, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.   When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

DATED:  March 25, 2016

_____
UNITED STATES DISTRICT JUDGE