Edward P Sangster (SBN 121041)
ed.sangster@klgates.com
Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco   CA 94111
Telephone:  +1 415 882 8200
Facsimile:  +1 415 882 8220

Attorneys for Plaintiff
JEREMY JONES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BALLESTEROS, et al.,<br><br>　　　　　　Defendant. | Case No.    2:10-cv-2661-KJM-EFB P<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO IDENTIFY ADDITIONAL WITNESS AND EXHIBITS**<br><br>Date:     August 26, 2016<br>Time:    10:00 a.m.<br>Judge:   Kimberly J. Mueller<br>Courtroom: 3<br><br>Action Filed: September 30, 2010 |

## I. INTRODUCTION

Plaintiff Jeremy Jones initiated and prosecuted this lawsuit without an attorney until the Court concluded that pro bono appointed counsel was warranted to further prosecute Plaintiff's case. (Order Appointing Counsel, dated February 2, 2016, Dkt. No. 98).  In general, he alleges that was disabled, that defendant Ballesteros deliberately refused to abide by a "chrono" that had been issued to him accommodate that disability, and that he was injured and suffered pain as a result.

By the time this Court appointed Mr. Jones' pro bono counsel, Mr. Jones had spent nearly eight years working up his case while incarcerated in a California prison, where he remains today. He is not an attorney, and while he was able to defeat Plaintiff's motion for summary judgment, he was not able to hire expert witnesses, and as a result he was not able to identify certain documents that would be helpful, if not necessary, at trial.   On November 18, 2015, the Court entered a pretrial order (Dkt. No. 92) identifying witnesses and exhibits to be used and trial, and warning that additional witnesses and exhibits would not be permitted without further order of the Court.

Appointed counsel has now had an opportunity to review Mr. Jones' prisoner file and to discuss it with an expert.  Appointed counsel now requests that this Court, pursuant to its Further Pretrial Order dated March 25, 2016 (Dkt. No. 103), permit Mr. Jones to designate Julian Martinez as an expert on prison practices and procedures, and submit three documents as additional exhibits to Mr. Jones' trial exhibit list.  Plaintiff intends to use Mr. Martinez to support his claims that he had a proper chrono that Defendant Ballesteros was required aware of and honor. The additional documents support these claims.  Because defense counsel has refused to stipulate to addition of the witness, Mr. Jones now seeks an order permitting him to add the expert to the list of permitted witnesses and three documents to the list of exhibits permitted at trial.

## II. DISCUSSION

While Plaintiff Jeremy Jones was still representing himself, in *pro per*, Judge Brennan issued a pretrial order dated November 15, 2015.  (Pretrial Order Dkt. No. 92.)  In that order, the Court denied Mr. Jones' request for the appointment of a neutral expert. *Id.* at p. 15.  Subsequently, this Court issued a further pretrial order providing that the Court will consider the admissibility of additional witnesses and exhibits if certain conditions are met.  The Court's March 25, Further

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO IDENTIFY ADDITIONAL WITNESS AND EXHIBITS
2:10-CV-2661-KJM-EFB P**

Pretrial Order (Dkt. No, 103) requires that in order for the Court to consider permitting additional witnesses, the witness must have been discovered after the pretrial conference, and the party wishing to present that witness must (1) promptly inform the court and opposing parties of the witness's existence; (2) the witness could not have been reasonably discovered before the discovery cutoff; (3) the witness was proffered for deposition. (Further Pretrial Order at pp. 2–3, Dkt. No. 103.) Similarly, the Further Pretrial Order requires that in order for the Court to consider permitting a party to add additional exhibits, the exhibits could not reasonably have been discovered earlier, and the party seeking to add exhibits must have discovered the exhibit after the discovery cutoff, and (1) promptly informed the Court and opposing parties of their existence; and (3) forwarded a copy of the exhibits to the opposing party.

Following the appointment of his pro bono counsel, Plaintiff Jeremy Jones has now identified a witness who can speak to prison practices and procedures, and he is aware of certain additional documents that will help support his case-in-chief.

### A.  Expert Witness Julian Martinez was discovered after the Pretrial Conference

As an indigent inmate, proceeding in *pro per*, Mr. Jones was unable to hire an expert witness to support his claims. Before the pretrial conference, he requested appointment of a neutral expert whose fees would be paid by the opposing party, but that request was denied. (Dkt. No. 92 at p. 15.) After the Court appointed Plaintiff's pro bono counsel, and after the pretrial conference, counsel proceeded to review the numerous documents filed in this case, and it ordered and reviewed thousands of pages of Plaintiff's files. After learning the pertinent facts and issues in this case, counsel found and retained Julian Martinez, an expert in the field of California prison practices and procedures relating to disability issues. A true and correct copy of Mr. Martinez's curriculum vitae is attached to the Declaration of Peter E. Soskin ("Soskin Decl.") as **Exhibit A**. Mr. Martinez reviewed Mr. Jones' prisoner file and certain medical documents and has developed opinions regarding Defendants' treatment of Mr. Jones based on his medical condition. Mr. Jones now requests that this Court permit Julian Martinez to appear as an expert witness on his behalf.

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO IDENTIFY ADDITIONAL WITNESS AND EXHIBITS
2:10-CV-2661-KJM-EFB P**

**B.      The proffered documents were discovered after the discovery deadline**

Pro bono counsel inherited a case in which Plaintiff Jeremy Jones had previously reviewed documents and identified those exhibits that he believed to be most relevant and important to the prosecution of his case.  Once counsel was appointed, and after counsel received and reviewed the documents, and after counsel had an opportunity to show those documents to its expert, Mr. Martinez, Plaintiff Jeremy Jones has learned of three additional documents that he wishes to present at trial.  Those documents are as follows:

1.      CDCR Form 1845 dated January 1, 2008, signed by Alvaro Traquina, M.D.  A true and correct copy of this document is attached as **Exhibit B** to the Soskin Decl.

2.      Memorandum re Second Level Appeal Response Log No.: SOL 08-03533 dated January 10, 2009.  A true and correct copy of this document is attached as **Exhibit C** to the Soskin Decl.

3.      *Armstrong v. Davis* Court Ordered Remedial Plan, Amended January 3, 2001.  A true and correct copy of this document is attached as **Exhibit D** to the Soskin Decl.

**C.      Plaintiff has promptly informed opposing counsel and, now, the Court of the proffered witness and documents**

After retaining Mr. Martinez and learning of his opinions in early July, 2016, Plaintiff's counsel attempted to reach defense counsel by telephone between the first and third week of July, but Plaintiff's and Defense counsel were unable to connect.  Soskin Decl. at ¶ 6.  On July 22, 2016, Plaintiff's counsel e-mailed Defense counsel, requesting a stipulation to designate an expert and assuring counsel that the expert would be made available for deposition.  A true and correct copy of the July 22, 2016, letter is attached as **Exhibit E** to the Soskin Decl.  Defense counsel responded that Defendant would not stipulate to permit Plaintiff to name an expert.  Soskin Decl., at ¶ 8.  Plaintiff's counsel then contacted Defense counsel to meet and confer regarding Plaintiff's intent to file a motion to identify an additional witness and exhibits to be heard on August 26, 2016.  Soskin Decl. at ¶ 9.  Counsel also assured Defense counsel that it would provide the expert report when it became available.  Id.  Defendants responded that they would oppose any motion to designate an expert on

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO IDENTIFY ADDITIONAL WITNESS AND EXHIBITS
2:10-CV-2661-KJM-EFB P**

the grounds that such designation is untimely. Soskin Decl. at ¶ 10. Plaintiff now files this motion, notifying the Court of its desire to identify an additional witness and exhibits.

### D. **Plaintiff has provided Defendants with all materials, will provide a copy of Mr. Martinez's report when it becomes available, and has offered Mr. Martinez for deposition.**

While meeting and conferring with Defense counsel about Plaintiff's motion to identify an additional witness and exhibits, Plaintiff provided Defendants with Mr. Martinez's name and curriculum vitae and the three additional documents that Plaintiff wishes to identify as exhibits. Soskin Decl. at ¶ 9. Plaintiff further intends to provide Defendants with Mr. Martinez's report soon after Plaintiff has had an opportunity to review it. Soskin Decl. at ¶ 9. Moreover, Plaintiff has informed Defendants that he intends to make Mr. Martinez available for deposition before trial. Soskin Decl. at ¶ 7.

## III. CONCLUSION

Counsel was appointed after the November 18, 2015 Pretrial Order was entered. After reviewing thousands of pages of records, counsel identified an expert and learned of the existence and relevance of three proposed exhibits. Plaintiff promptly notified Defendants of expert's identity and identified the three additional documents nearly two months prior to trial. Defense counsel declined an opportunity to depose the witnesses, even though there is ample time to do so.

The Court should therefore enter an order permitting Plaintiff to call Mr. Martinez as an expert witness, and to add three documents as trial exhibits because (i) the Pretrial Order was entered prior to appointment of counsel, (ii) Plaintiff disclosed the witness's identity sufficiently in advance of trial that defendant could have deposed him, if defendant had chosen to do so; (iii) the subject matter of the testimony is highly relevant, and the number of the additional exhibits is very small; and (iv) the delay in disclosure will not, therefore, prejudice defendant's trial preparation.

K&L GATES LLP

Dated: July 27, 2016        By:   /s/ *PETER E. SOSKIN*
                                  PETER E. SOSKIN

                                  Attorneys for Plaintiff
                                  JEREMY JONES

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO IDENTIFY ADDITIONAL WITNESS AND EXHIBITS**
**2:10-CV-2661-KJM-EFB P**