1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEREMY JONES,                                   No.  10-cv-02661-KJM-EFB

12                    Plaintiff,

13            v.                                      ORDER

14   BALLESTEROS, et al.,

15                    Defendants.

16

17

18            On November 19, 2015, the magistrate judge issued a pretrial order that identified

19   all witnesses and trial exhibits the parties may introduce at trial.  Final Pretrial Order (PTO), ECF

20   No. 92.  On July 27, 2016, Plaintiff Jeremy Jones filed a motion to identify an additional witness

21   and additional exhibits.  Pl.'s Mot., ECF No. 105-1.  On August 11, 2016, Defendants Ballesteros

22   and Chopplin filed an opposition to Plaintiff's motion.  Defs.' Opp'n, ECF No. 109.  On

23   August 19, 2016, Plaintiff replied.  Pl.'s Reply, ECF No. 118.  For the reasons stated below, the

24   court DENIES Plaintiff's motion.

25   I.       FACTUAL AND PROCEDURAL BACKGROUND

26            Plaintiff is a state prisoner who brought the instant action under 42 U.S.C. § 1983,

27   alleging that Defendants violated his rights guaranteed by the Eighth Amendment.  ECF No. 1.

28   On November 19, 2015, as noted, the magistrate judge issued a pretrial order under Federal Rule

1    of Civil Procedure 16(e) that identified all the witnesses and trial exhibits that the parties would

2    be permitted to call to testify or introduce into evidence at trial.  *See* Final PTO.  The pretrial

3    order contained the following provisions regarding its modification:

4            Each party is granted 30 days to object to this Pretrial Order . . . .  If
             no objections are made, the Pretrial Order will become final without

5            further order of the court.

6            Pursuant to Federal Rule of Civil Procedure 16, the final pretrial
             order shall control the subsequent course of this action and will not

7            be modified except according to its terms or to prevent manifest
             injustice.

8

9    *Id.* at 17:16–22.  Neither party objected to the pretrial order, and it became final after 30 days.

10           Plaintiff proceeded *pro se* until February 2, 2016, when the court assigned him

11   counsel.  ECF No. 98.  On March 28, 2016, following the appointment of counsel, this court

12   issued a Further Pretrial Order in which it stated that the earlier pretrial order "stands."  Further

13   PTO 1:23, ECF No. 103.  The Further Pretrial Order also supplemented the pretrial order with

14   conditions that a party seeking to introduce an additional witness or exhibit must satisfy.  *Id.* at

15   2:13–4:13.  To identify an additional witness, the Further Pretrial Order requires that "[t]he

16   witness [be] discovered after the pretrial conference," "[t]he witness could not reasonably have

17   been discovered prior to the discovery cutoff[, and t]he court and opposing parties [be] promptly

18   notified upon discovery of the witness[.]"  *Id.* at 2:13–3:9.  To identify additional exhibits, the

19   Further Pretrial Order requires that "[t]he exhibit [be] discovered after the issuance of [the]

20   order[,]" "[t]he exhibits could not reasonably have been discovered earlier[, and t]he court and the

21   opposing parties [be] promptly informed of their existence[.]"  *Id.* at 3:10–4:13.

22           On July 27, 2016, Plaintiff filed a motion to add an expert and three additional

23   exhibits to his witness and exhibit lists, respectively.  Pl.'s Mot. 2:15–18.  In his motion Plaintiff

24   argues he was unable to hire an expert witness or discover the three additional documents before

25   the court assigned him counsel, which occurred after the discovery deadline.  *Id.* at 3:15–4:14.

26   Plaintiff also argues that upon discovering the witness and documents he promptly informed

27   Defendants and the court.  *Id.* at 4:15–5:2.

28

                                                       2

1    On August 11, 2016, Defendants opposed Plaintiff's motion, arguing Plaintiffs did

2  not comply with the conditions set forth in the Further Pretrial Order.  Defs.' Opp'n 2:2–4:11.

3  Defendants also argue Plaintiff's expert should be excluded because Plaintiff fails to satisfy the

4  requirements set forth in Rule 26 governing the use of expert witnesses.  *Id.* at 4:12–6:15.  On

5  August 19, 2016, Plaintiff filed a reply to Defendants' opposition.  Pl.'s Reply.

6    Trial is scheduled to commence September 12, 2016.  Further PTO 2:5.

7  II.    ANALYSIS

8    A.    Conditions Set Forth in the Further Pretrial Order

9    Although Plaintiff asserts that his additional exhibits were discovered after the

10  discovery deadline, Pl.'s Mot 4:1–4:14, he does not show why the documents "could not

11  reasonably have been discovered earlier[,]" as required by the Further Pretrial Order.  Further

12  PTO 4:7.  Plaintiff argues he did not discover the exhibits earlier because he had not yet been

13  assigned counsel.  Pl.'s Mot 4:1–14.  However, Plaintiff indicates he possessed the exhibits prior

14  to the court's issuing its earlier Pretrial Order, and he cites no authority to support the proposition

15  that a *pro se* inmate is exempt from complying with a court order because he is not represented.

16  *See id.*  Rather, *pro se* parties are held to procedural rules even as the substance of their pleadings

17  may be construed liberally.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (observing

18  that *pro se* inmates must comply with "procedural rules in ordinary civil litigation").

19  Additionally, even if Plaintiff could not have discovered the exhibits before receiving

20  representation, he has not shown why he could not have reasonably discovered the exhibits prior

21  to July 2016, more than five months after the court assigned him counsel.

22    Plaintiff also asserts that he discovered his expert witness after the pretrial

23  conference.  Pl.'s Mot. 3:14.  However, as with the exhibits, Plaintiff does not show why it took

24  him more than five months to discover the witness after being assigned counsel.  Plaintiff has not

25  satisfied the conditions set forth in the Pretrial Order.

26    B.    Manifest Injustice

27    Once a district court has issued a final pretrial order, modifications are permitted

28  "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  "The purpose of [the final pretrial]

3

1   order is to guide the course of the litigation," and "[o]nce formulated, [it] should not be changed

2   lightly[.]" *Id.* at advisory committee's note (citing *Clark v. Pa. R.R. Co.*, 328 F.2d 591 (2d Cir.

3   1964)).  The Ninth Circuit has stressed the crucial role played by pretrial orders "in implementing

4   the purposes of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive

5   determination of every action.'" *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886

6   (9th Cir. 1981) (quoting Fed. R. Civ. P. 1).  District courts have "broad discretion to manage

7   discovery and to control the course of litigation under [Rule] 16." *Avila v. Willits Envtl.*

8   *Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  The Ninth Circuit has outlined four

9   factors district courts should consider when determining whether to modify the final pretrial

10  order:

11          (1) the degree of prejudice or surprise to the defendants if the order
            is modified; (2) the ability of the defendants to cure any prejudice;
12          (3) the impact of the modification on the orderly and efficient
            conduct of the case; and (4) any degree of willfulness or bad faith
13          on the part of the party seeking the modification.

14  *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (internal quotations omitted).  "It is the

15  moving party's burden to show that a review of these factors warrants a conclusion that manifest

16  injustice would result if the pretrial order is not modified." *Byrd v. Guess*, 137 F.3d 1126, 1132

17  (9th Cir. 1998), *superseded by statute on other grounds*.

18          Plaintiff argues Defendants would not be prejudiced if Plaintiff's expert were

19  allowed to testify because "Plaintiff disclosed the witness's identity sufficiently in advance of

20  trial that [Defendants] could have deposed him, if [Defendants] had chosen to do so[.]"  Pl.'s

21  Mot. 5:20–21.  However, Plaintiff also acknowledges he did not provide Defendants with the

22  expert's report until after it was finalized on August 9, 2016.  Pl.'s Reply 2:27–3:2.  As

23  Defendants argue, "the unavailability of the expert report is alone prejudicial to Defendants."

24  Defs.' Opp'n 4:1–5 (citing *NutraSweet Co. v. X–L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir. 2000)

25  ("Without even a preliminary or draft supplemental expert witness report from [the expert],

26  NutraSweet was greatly hampered in its ability to examine him about his analysis of the site

27  work. In these circumstances, the use of the 'automatic' sanction of exclusion was not an abuse of

28  discretion." (citations omitted))).  Defendants here are correct that "the failure to provide expert

4

1   reports with the supplemental disclosure . . . deprived [Defendants] of the ability to prepare for

2   depositions and take these depositions" until at least August 9, a mere month before the start of

3   trial.  *Id.* at 5:8–10 (citing Fed. R. Civ. P. 26(b)(4)(A) (mandating that an expert witness's

4   deposition "may be conducted only after the [expert] report is provided")); *see Yeti by Molly, Ltd.*

5   *v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (affirming district court's

6   exclusion of expert testimony when plaintiffs received expert's report only one month before trial

7   because "[t]o respond to it, plaintiffs would have had to depose [the witness] and prepare to

8   question him at trial").

9           Defendants also would be prejudiced if plaintiff were given the opportunity to lay

10  the foundation for seeking admission of the expert witness's testimony and additional exhibits,

11  given that Plaintiff has brought his motion so near the eve of trial.  *See Insite Vision Inc. v.*

12  *Sandoz, Inc.*, 783 F.3d 853, 864–65 (Fed. Cir. 2015) (affirming district court's denial of party's

13  motion to modify a pretrial order to add exhibits when the motion was filed "on the eve of trial"

14  "after the pretrial conference and after briefing and supplemental briefing on the various motions

15  *in limine* were complete"); *Eberle v. Town of Southampton*, 305 F.R.D. 32, 36 (E.D.N.Y. 2015)

16  (denying defendants' motion to amend a final pretrial order when defendants filed their motion

17  forty-nine days before the start of trial).  Again, Plaintiff has not shown why he could not

18  discover the expert witness and exhibits sooner, and because of the untimeliness of his motion,

19  the prejudice Defendants would suffer cannot be readily cured without impacting the orderly and

20  efficient conduct of this case.  *See Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005)

21  (finding district court did not abuse its discretion in denying party's motion to amend pretrial

22  order to add new claim and exhibits when party possessed all essential evidence before entry of

23  the pretrial order).  As Defendants observe, with so little time remaining before trial, Defendants

24  would "have no time to designate a rebuttal expert without affecting the scheduled trial date[,]"

25  should Defendants choose to do so.  Def.'s Opp'n 5:10–13; *see* Fed. R. Civ. P. 26(a)(2)(D)(ii)

26  (allowing a party 30 days to add an expert when the party wishes to rebut another party's expert).

27          Plaintiff has not shown that manifest injustice will result from the court denying

28  his motion to add a new expert or exhibits.

5

C.     Plaintiff Fails to Satisfy Rule 26 Regarding the Addition of Expert Witnesses

Under Rule 26, a party wishing to offer the testimony of an expert witness at trial "must disclose to the other parties the [witness's identity] . . . at least 90 days before the date set for trial . . . ." Fed. R. Civ. P. 26(a)(2)(A), (D)(i). "Compliance with Rule 26's disclosure requirements is 'mandatory.'" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (quoting *Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014)). "If a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

For the reasons already stated, Plaintiff's late disclosure of his expert witness is neither "substantially justified" nor "harmless."  Even if the court were inclined to accept Plaintiff's argument that he was unable to hire an expert before the court assigned him counsel, he has not sufficiently explained why he waited over five months to file the instant motion, a mere 47 days before trial is scheduled to commence. *See* Further PTO 2:5 (trial scheduled to commence September 12, 2016).  Plaintiff's late disclosure would be prejudicial to Defendants, and there is insufficient time to cure the potential prejudice without disrupting the court's docket. *See Ollier*, 768 F.3d at 863 ("The late disclosure of witnesses throws a wrench into the machinery of trial . . . . [It] threatens whether a scheduled trial date is viable[, a]nd it impairs the ability of every trial court to manage its docket.").  Because Plaintiff's failure to identify his expert witness is not substantially justified or harmless, he may not use that witness at trial.

III.     CONCLUSION

For the above-stated reasons, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED:  August 25, 2016.

_____
UNITED STATES DISTRICT JUDGE